```
                      UNITED STATES DISTRICT COURT
                               FOR THE
                         DISTRICT OF VERMONT

PLH VINEYARD SKY LLC,          )
                               )
          Plaintiff,           )
                               )
     v.                        )    Case No. 2:23-cv-154
                               )
VERMONT PUBLIC UTILITY         )
COMMISSION, ANTHONY ROISMAN,   )
MARGARET CHENEY, and RILEY     )
ALLEN,                         )
                               )
          Defendants.          )
```

## OPINION AND ORDER

Plaintiff PLH Vineyard Sky LLC ("PLH" or "Plaintiff") brings this action against the Vermont Public Utility Commission ("PUC") and PUC Commissioners Anthony Roisman, Margaret Cheney, and Riley Allen (collectively "Defendants"). Pending before the Court is PLH's second motion for reconsideration of the Court's dismissal of the First Amended Complaint ("FAC"), and motion to reconsider the Court's ruling on the first motion for reconsideration. For reasons set forth below, the second motion for reconsideration (ECF No. 33) is denied.

## Background

The factual and procedural background of this case is set forth in the Court's Opinion and Order granting Defendants' motion to dismiss the FAC. ECF No. 23. The parties' familiarity with those facts is assumed. Briefly stated, the

FAC alleges that certain PUC rulings violated the Takings Clause, constituted abuse of process, and deprived PLH of its right to trial by jury.  ECF No. 10.  The claims center on proposed solar facility projects and other potential uses of property located in Bennington, Vermont.  Defendants moved to dismiss the FAC, arguing that PLH's claims are barred by the Eleventh Amendment, judicial immunity, lack of personal involvement by Defendant Allen, and failure to state plausible claims.  ECF No. 19.  After the Court granted the motion to dismiss, PLH moved for reconsideration.  The Court granted the reconsideration motion in part and affirmed its prior ruling.

Now before the Court is PLH's second motion for reconsideration, in which it asks the Court for leave to file a Second Amended Complaint asserting a new legal theory.  PLH also argues that the Court's ruling on the first motion for reconsideration failed to address whether the PUC's actions had a "substantial government purpose," and failed to grant leave to amend based upon an argument raised in its reply memorandum. Defendants oppose the motion.

## Discussion

### I. Reconsideration Under Rule 59

PLH submits it motion pursuant to Federal Rule of Civil Procedure 59(e).  "Under Rule 59(e), district courts may alter or amend judgment to correct a clear error of law or prevent

2

manifest injustice." *4 Pillar Dynasty LLC v. New York & Co., Inc.*, 933 F.3d 202, 216 (2d Cir. 2019). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). In deciding a Rule 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020).

In general, a party is not entitled to a second motion for reconsideration. *See Energy Transportation Grp., Inc. v. Borealis Mar. Ltd.*, No. 21-CV-10969 (AT) (JW), 2024 WL 3318113, at *2 (S.D.N.Y. June 18, 2024). Furthermore, Rule 59(e) provides that a "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Judgment was entered on March 12, 2024. The pending motion for reconsideration was filed on August 6, 2024 – nearly five months later. Rule 59(e) makes no provision for successive motions to reconsider, and the Supreme Court has

3

made clear there is "no possibility of an extension" of the 28-day deadline. *Banister*, 590 U.S. at 508. PLH's motion is therefore untimely.

The motion also fails to meet the strict standard for reconsideration. The primary request in the motion is for leave to amend to assert a new legal theory. As noted above, a motion for reconsideration cannot raise new legal theories. *Analytical Survs., Inc., L.P.*, 684 F.3d at 52.

PLH has also failed to show "a clear error of law" or that reconsideration is necessary to "prevent manifest injustice." *4 Pillar Dynasty LLC*, 933 F.3d at 216. PLH argues that the Court (1) failed to address whether the PUC's actions were in furtherance of a "substantial governmental purpose" and (2) failed to acknowledge that an argument raised in its reconsideration reply memorandum provided grounds for leave to amend. With respect to the first point, the Court's March 12, 2024 Opinion and Order evaluated the "character of the government action," highlighting the PUC's role in protecting the environment, local aesthetics, and public health and safety. ECF No. 23 at 28-29. That discussion established the requisite "substantial governmental purpose." *See Nollan v. California Coastal Comm'n*, 483 U.S. 825, 834-35 (1987) ("Our cases ... have made clear ... that a broad range of governmental purposes and regulations satisfies these requirements.") (citing *Agins v.*

4

*Tiburon*, 447 U.S. 255, 260 (1980) (scenic zoning); *Penn Central Transportation Co. v. New York City*, 438 U.S. 104, 127 (1978) (landmark preservation); *Euclid v. Ambler Realty Co.*, 272 U.S. 365 (1926) (residential zoning)).

PLH next argues that it should have been granted leave to amend because, in its memorandum in reply to Defendants' opposition to the first motion for reconsideration, it introduced a new legal theory. Once again, new legal theories are not properly raised in a motion for reconsideration. Furthermore, the Court's reconsideration ruling found that PLH's initial request for leave to amend did not offer any new facts or legal theories justifying such leave. PLH did not identify, and still has not identified, any clear error or manifest injustice in that ruling.

For these reasons, the Court finds that PLH has failed to satisfy the standard for reconsideration.

**II.  A New Theory: The Unconstitutional Conditions Doctrine**

Even assuming that PLH's motion was not barred at the outset, its primary argument for leave to amend is without merit. PLH cites a recent decision from the Ninth Circuit, *Stavrianoudakis v. United States Fish & Wildlife Serv.*, 108 F.4th 1128 (9th Cir. 2024), as support for its theory that Defendants violated its Fourth Amendment right to be free from searches and seizures, as well as its rights under the

5

"unconstitutional conditions" doctrine.  *Stavrianoudakis* considered a challenge, brought by falconers and a falcon conservation organization, to "the requirement ... that they submit to unannounced, warrantless inspections as a condition of obtaining a falconry license."  108 F.4th at 1136.  The Ninth Circuit determined that the plaintiffs had standing to sue under the "unconstitutional conditions" doctrine, which provides that "the government may not require a person to give up a constitutional right ... in exchange for a discretionary benefit ...."  *Id.* (quoting *Dolan v. City of Tigard*, 512 U.S. 374, 385 (1994)).  Specifically, the court found that "the Falconers' alleged injury in fact is the forced choice: retention of their Fourth Amendment rights or receipt of a falconry license, which is required to lawfully practice falconry."  *Id.* at 1138.  The Court also noted that "[t]he separate question of whether an unannounced, warrantless inspection ... would violate the Fourth Amendment is not before us."  *Id.*

The *Stavrianoudakis* decision does not provide a basis for granting either reconsideration or leave to amend in this case.  As Defendants properly note, the Ninth Circuit's ruling does not represent a change in controlling law.  Nor does it align with the facts presented here.  Defendants did not require PLH to waive any constitutional rights in order to apply for a permit.  Instead, they determined what development could happen while the

6

application was pending.  *Stavrianoudakis* does not support PLH's claim that the regulatory action in this case, which occurred after the permit application and was not a condition thereof, violated a constitutional right.  Indeed, PLH offers no binding, persuasive, or analogous case law to support its claim that Defendants effected either a search or a seizure.  The motion for reconsideration of the Court's denial of leave to amend is therefore denied.

## Conclusion

For the reasons set forth above, PLH's second motion for reconsideration (ECF No. 33) is denied.

DATED at Burlington, in the District of Vermont, this 16th day of September, 2024.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court
